UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JOEY GLASGOW, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-224-PLC |
| ) | |
| DUNKLIN COUNTY JUDGES, ) | |
| PROSECUTORS AND LAWYERS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Joey Glasgow for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $5.80. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $28.99. The Court will therefore assess an initial partial filing fee of $5.80, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, they still must allege sufficient facts to support the claims alleged. *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004); *see also Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980) (even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. In addition, giving a pro se complaint the benefit of a liberal

2

construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is an inmate at the Dunklin County Justice Center. He brings this action for violation of his civil rights against "Dunklin County Judges, Prosecutors and Lawyers." (Docket No. 1 at 1). He alleges as follows. In 2017, he was arrested on charges of possession of a controlled substance. One Judge Spielman set a $40,000 cash-only bond, causing plaintiff to remain in jail. He was subsequently bonded over to one Judge Mayer, who reduced the bond. Plaintiff posted bond and was released. However, Judge Spielman then issued a probation violation warrant related to a different case, and plaintiff was arrested. Plaintiff protested that he was no longer on probation, and telephoned his former lawyer and the public defender appointed to represent him on his controlled substance case. He appeared before Judge Spielman, who set his bond at $5,000 cash-only. Plaintiff remained in jail.

Plaintiff claims that because Judges Mayer and Spielman "put [him] off," he spent more time in jail. (Docket No. 1 at 3). He states he was unable to spend time with his children "because of the wrongful doing of the Judges, Prosecutors, and lawyers." *Id.* Plaintiff believes that the actions of which he complains were taken because plaintiff was unable to cooperate with law enforcement. Plaintiff seeks monetary relief in an unspecified amount for "mental anguish and the days lost of [his] life." *Id.* He seeks no other form of relief.

## Discussion

The complaint will be dismissed as legally frivolous. Plaintiff is seeking monetary damages against "Judges," presumably Judges Spielman and Mayer, for actions they took while

performing their respective duties in judicial proceedings. However, judges are absolutely immune from suit for money damages unless they act outside of their judicial capacity or in the clear absence of jurisdiction, and plaintiff alleges no such facts. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Liles v. Reagan*, 804 F.2d 493, 495 (8th Cir. 1986); *see also Pierson v. Ray*, 386 U.S. 547 (1967) (judges may not be held liable for damages under § 1983 for the performance of their respective duties in judicial proceedings).

Plaintiff also names "prosecutors" as defendants. However, he includes no factual allegations of specific wrongdoing on the part of any prosecutor. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). To the extent plaintiff can be understood to seek monetary damages against any prosecutor for initiating a prosecution and presenting a criminal case against him in court, such allegations would be dismissed. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case, even when vindictive prosecution is alleged. *See Myers v. Morris*, 810 F.2d 1437, 1448 (8th Cir. 1987) (prosecutorial immunity extends even to allegations of vindictive prosecution); *see also Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976) (prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution); *see also Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996) ("Absolute immunity covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process").

Plaintiff also names "lawyers" as defendants without including factual allegations of specific wrongdoing on the part of any particular lawyer. *See Madewell*, 909 F.2d at 1208

4

("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights"). To the extent plaintiff attempts to allege claims against his public defender, such claims are subject to dismissal. To state a claim for violation of civil rights pursuant to 42 U.S.C. § 1983, a plaintiff must allege, *inter alia*, that a defendant acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Generally, a public defender does not act under color of state law while representing a plaintiff in a criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 324 (1981). Similarly, to the extent plaintiff seeks to sue his private attorney, he has not alleged that such attorney acted under color of state law.

Finally, the complaint contains no allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. It therefore cannot be said that plaintiff states a claim of municipal liability. *See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978).

Although the complaint does not fully comply with the Federal Rules of Civil Procedure or this Court's Local Rules, plaintiff has made it very clear that he intends to initiate a suit for monetary damages against the judges, prosecutors and lawyers he blames for his incarceration. As set forth above, such claims are subject to dismissal. The Court therefore concludes that allowing plaintiff leave to file an amended complaint would be futile, and will dismiss this case without prejudice pursuant to 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $5.80 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e). A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 23rd day of January, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE